RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
HEIDI A. OJEDA
Assistant Federal Public Defender
Nevada State Bar No. 12223
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Heidi_Ojeda@fd.org

Attorney for William C. Thompson

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM C. THOMPSON,<br><br>    Defendant. | Case No. 2:13-cr-368-JAD-NJK<br><br>**DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM** |

**Certification**: This Response is timely filed.

Comes now the defendant, William C. Thompson, by and through his attorney of record, Assistant Federal Public Defender, Heidi A. Ojeda, who files this Sentencing Memorandum for the Court's consideration. Defendant submits the following Points and Authorities in support.

DATED this 13th day of May, 2019.

                                                RENE L. VALLADARES
                                                Federal Public Defender

                                  By:  */s/ Heidi A. Ojeda*
                                          HEIDI A. OJEDA
                                          Assistant Federal Public Defender
                                          Attorney for William C. Thompson

## I. MEMORANDUM OF POINTS AND AUTHORITIES

On February 25, 2019, Mr. Thompson appeared before the Court and entered a plea of guilty pursuant to a binding plea agreement. ECF No. 141. The plea agreement incorporates the charges from this instant case, 2:13-cr-368-JAD-VCF, and the charges outlined in the Indictment from a case originating out of Arizona, now 2:19-cr-047-JAD-VCF. Under the terms of this plea agreement, both parties would be jointly requesting a sentence of 354 months of custody with a lifetime of supervised release to follow. Mr. Thompson requests the Court follow that agreement, and provides this memorandum to the Court to address his minor objections to the Presentence Investigation Report and his request for the Court to limit the amount of money that can be withdrawn from his inmate account during the term of his custodial sentence.

### A.     Objections to PSR

Although the final calculations in the PSR match those contemplated by the parties in the plea agreement, there are five separate enhancements in the PSR that Mr. Thompson objects to preserve the record. Specifically, Mr. Thompson objects to paragraphs 47, 56, 85, 94, and 176. Each of these paragraphs contain a 2-level enhancement for commission of a sex act during the offense. To preserve the record, Mr. Thompson objects to these enhancements and asks the Court to not impose them.

### B.     Mr. Thompson requests the Court order that no more than 15% of the funds in his inmate account can be taken to pay any restitution the Court orders.

In entering into this plea agreement, Mr. Thompson is agreeing to a life sentence for his conduct in this case. Mr. Thompson would request that the Court limit the amount of money that can be withdrawn from his inmate trust account. Undersigned counsel and prior counsel have researched the Code of Federal Regulations and BOP policy statements surrounding this issue. 28 C.F.R. 545.10, *et seq.,* and Program Statement. 5280.08. Counsel have additionally consulted with an attorney at the BOP concerning this issue. It appears that, except for $75 per

2

month, anything that is deposited into the prisoner's trust account can be withdrawn by the BOP and applied towards a restitution order. *Id*. This includes funds from both institutional resources (funds received from inmate work assignments) and non-institutional sources (funds received from family and friends in the community). Mr. Thompson asks that the Court limit the BOP's ability to do that.

Mr. Thompson's family support at this point is limited. His mother is 83 years old and remains in contact with her son. She occasionally financially supports Mr. Thompson. Mr. Thompson's ex-wife, Melanie Thompson, has very limited contact with Mr. Thompson and offers little financial support to Mr. Thompson. Aside from the minimal wage that Mr. Thompson will be able to make if he is allowed to participate in work programs while in the BOP, Mr. Thompson will have very little outside financial support. Any support or wages that he does have, however, Mr. Thompson would like to be able to use to communicate with the family and friends that remain supportive of him and purchase essential living items. As such, Mr. Thompson requests that the Court order that no more that 15% of his prisoner's trust account can be withdrawn to pay the Court-ordered restitution.

DATED this 13th day of May, 2019.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

*/s/ Heidi A. Ojeda*
HEIDI A. OJEDA
Assistant Federal Public Defender
Attorney for William C. Thompson

3

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on May 13, 2019, she served an electronic copy of the above and foregoing **DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM** by electronic service (ECF) to the person named below:

>NICHOLAS A. TRUTANICH
>United States Attorney
>CHRISTOPHER BURTON
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

>*/s/ Marlene Mercado*
>Employee of the Federal Public Defender