RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
HEIDI A. OJEDA
Assistant Federal Public Defender
Nevada State Bar No. 12223
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Heidi_Ojeda@fd.org

Attorney for William C. Thompson

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00368-JAD-VCF |
| Plaintiff, | **MEMORANDUM REGARDING RESTITUTION ORDER** |
| v. | |
| WILLIAM C. THOMPSON, | |
| Defendant. | |

COMES NOW, Rene L. Valladares, Federal Public Defender, and Heidi A. Ojeda, Assistant Federal Public Defender, attorney of record for Defendant William C. Thompson, and files Memorandum in advance of the restitution hearing set for August 12, 2019. This memorandum is based on the attached memorandum of points and authorities.

DATED this 7th day of August, 2019.

                                                    RENE L. VALLADARES
                                                    Federal Public Defender

                                       By:  */s/ Heidi A. Ojeda*
                                                    HEIDI A. OJEDA
                                                    Assistant Federal Public Defender
                                                    Attorney for William C. Thompson

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.     This Court should impose the $53,749 restitution requested by the government.**

On May 20, 2019, this Court sentenced Mr. Thompson to 354 months followed by lifetime supervised release. The Court, at the request of the parties, set a restitution hearing for August 12, 2019. In advance of that hearing, the government provided undersigned counsel with documentation supporting restitution for victim, "Jessy", in the amount of $53,749.[1] Defense counsel has reviewed the underlying documentation and is willing to stipulate to this restitution amount.

It appears as though the victim's attorney wants to request a higher amount of restitution based upon future lost earnings and other possible future expenses. To date, defense counsel has not been provided with any alternative numbers or supporting documentation for any additional restitution. Victim's counsel has simply provided the case of *United States v. Whitley*, 2019 WL 177319, to support her position for additional restitution. It is counsel's understanding that the government will stand by their original restitution calculation provided to undersigned counsel.

This Court should decline to order any additional restitution than that sought by the government for several reasons. First, defense counsel has not received proper notice from victim's counsel and/or the government on any additional requested restitution or the documentation supporting that request. *Paroline v. United States*, 572 U.S. 434 (2014). Second, demonstrating the amount of the loss for restitution purposes is the government's burden, and they have declined to do so in this case. *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008). Additionally, any award based on future lost earnings "must not be predicated on speculation or conduct unrelated to the offense of conviction, as such an award would be inconsistent with congressional intent." *United States v. Cienfuegos,* 462 F.3d 1160,

---

[1] Jessy is the pseudonym used to identify the victim in this case.

1168 (9th Cir. 2006). In fact, the Ninth Circuit has recognized that "future lost income must be based upon certain economic assumptions…the concepts and analysis involved are well-developed in federal law." *Id*.

Based upon the lack of evidence before the Court, this Court should decline to enter a restitution order for anything above the $53,749. To order any higher amount would be "predicated on speculation" and inconsistent with case law.

> **B.  Mr. Thompson requests the Court order that no more than 15% of the funds in his inmate account can be taken to pay any restitution the Court orders.**

Mr. Thompson reminds the Court of the outstanding issue of his request to limit the amount of money taken from his trust account to pay restitution. Mr. Thompson would request that the Court limit the amount of money that can be withdrawn from his inmate trust account. Undersigned counsel and prior counsel have researched the Code of Federal Regulations and BOP policy statements surrounding this issue. 28 C.F.R. 545.10, *et seq.,* and Program Statement. 5280.08. Counsel have additionally consulted with an attorney at the BOP concerning this issue. It appears that, except for $75 per month, anything that is deposited into the prisoner's trust account can be withdrawn by the BOP and applied towards a restitution order. *Id*. This includes funds from both institutional resources (funds received from inmate work assignments) and non-institutional sources (funds received from family and friends in the community). Mr. Thompson asks that the Court limit the BOP's ability to do that.

Mr. Thompson's family support at this point is limited. His mother is 83 years old and remains in contact with her son. She occasionally financially supports Mr. Thompson. Mr. Thompson's ex-wife, Melanie Thompson, has very limited contact with Mr. Thompson and offers little financial support to Mr. Thompson. Aside from the minimal wage that Mr. Thompson will be able to make if he is allowed to participate in work programs while in the BOP, Mr. Thompson will have very little outside financial support. Any support or wages that he does have, however, Mr. Thompson would like to be able to use to communicate with the

1  family and friends that remain supportive of him and purchase essential living items. As such,
2  Mr. Thompson requests that the Court order that no more that 15% of his prisoner's trust
3  account can be withdrawn to pay the Court-ordered restitution.

                                                Respectfully submitted,
                                                RENE L. VALLADARES
                                                Federal Public Defender

                                  By: */s/ Heidi A. Ojeda*
                                                HEIDI A. OJEDA
                                                Assistant Federal Public Defender
                                                Attorney for William C. Thompson

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on August 7, 2019, she served an electronic copy of the above and foregoing **MEMORANDUM REGARDING RESTITUTION ORDER** by electronic service (ECF) to all parties of record including the persons named below:

>NICHOLAS A. TRUTANICH
>United States Attorney
>CHRISTOPHER BURTON
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

>*/s/ Marlene Mercado*
>Employee of the Federal Public Defender