

_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 1 2 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CR-368-JAD-VCF<br>3:15-CR-8082-SMM/2:19-CR-047-JAD-VCF |
| Plaintiff, | **Amended Preliminary Order of Forfeiture** |
| v. | |
| WILLIAM C. THOMPSON, | |
| Defendant. | |

This Court finds William C. Thompson pled guilty to the following:

As to the Superseding Indictment filed in the United States District Court for the District of Nevada (Nevada), Counts 1 through 5 of a 5-Count Superseding Criminal Indictment charging him in Count 1 with child exploitation enterprise in violation of 18 U.S.C. § 2252A(g); in Count 2 with sexual exploitation of a child in violation of 18 U.S.C. § 2251(a); in Count 3 with conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e); in Count 4 with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(3); and in Count 5 with conspiracy to distribute child pornography in violation of 18 U.S.C. § 2252A(a)(3) and 2252A(b)(1). Superseding Criminal Indictment, ECF No. 14; Change of Plea (Nevada), ECF No. 140; Binding Plea Agreement (Nevada), ECF No. 141.

As to the Redacted Indictment filed in the United States District Court for the District of Arizona (Arizona), Counts 1 through 14 of a 14-Count Indictment charging him in Counts 1 through 9, 11, and 12 with production of child pornography in violation of 18 U.S.C. § 2251(a) and in Counts 10, 13, and 14 with possession of child pornography in

/ / /

violation of 18 U.S.C. § 2252A(a)(5)(B). Redacted Indictment, ECF No. 1; Change of Plea, ECF No. 2; Binding Plea Agreement, ECF No. 3.

This Court finds William C. Thompson agreed to the forfeiture of the property set forth in the Binding Plea Agreement, the Bill of Particulars, the Forfeiture Allegations of the Superseding Criminal Indictment (Nevada), and the Forfeiture Allegation of the Redacted Indictment (Arizona). Superseding Criminal Indictment (Nevada), ECF No. 14; Bill of Particulars (Nevada), ECF No. 34; Change of Plea (Nevada), ECF No. 140; Binding Plea Agreement (Nevada), ECF No. 141; Redacted Indictment (Arizona), ECF No. 1; Change of Plea (Arizona), ECF No. 2; Binding Plea Agreement (Arizona), ECF No. 3.

This Court finds William C. Thompson agreed to the forfeiture of the property set forth in the Stipulation for Entry of Order of Forfeiture as to William C. Thompson and Order (ECF No. ___).

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Binding Plea Agreement, the Bill of Particulars, the Forfeiture Allegations of the Superseding Criminal Indictment (Nevada), and the Forfeiture Allegation of the Redacted Indictment (Arizona) and the offenses to which William C. Thompson pled guilty.

The following property is (1) any visual depiction described in 18 U.S.C. §§ 2251 and 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §§ 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. §§ 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §§ 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g) or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1), 2253(a)(2), and 2253(a)(3):

2

1. Dell computer tower, model no. Vostro 400, serial no. D2CXRF1, containing a Seagate 1TB SATA hard drive, model no. ST1000DM003, serial no. S1D0MRJQ;

2. Hitachi 2TB external hard drive, model no. HT0LDNB20001BBB, serial no. F31G2NXD;

3. Western Digital 1TB hard drive, model no. WD10EADS, serial no. WCAV5M930266;

4. SanDisk card reader;

5. SanDisk 16GB compact flash card;

6. Panasonic video camera, model no. SDR-H85P, serial no. J01A18002;

7. Two micro video cassettes;

8. Proof of residence documents;

9. Compaq Presario laptop computer, model no. CQ57, serial no. 5CB2174R1P, containing a Seagate 320GB SATA hard drive, model no. ST9320325AS, serial no. 6VDFR10V;

10. Canon Mark II digital camera, serial no. 4252102526;

11. Emachines desktop computer, model no. EL1850, serial no. PTNBK02012040038589600, containing a 500GB SATA hard drive, model no. HDS721050CLA362, serial no. HE1BIMMT;

12. Gateway desktop computer, model no. DX4860-UB33P, serial no. PTGCPP200420400EF66300, containing a Western Digital 1TB SATA hard drive, model no. WD10EARX, serial no. WMC0T0032462;

13. Compaq Presario desktop computer, model no. SR5034X, serial no. MXX71406PP, containing a Samsung 160GB SATA hard drive, model no. HD160JJ/P, serial no. S0DFJ1GP107611;

14. Apple iPhone 4S, model no. A1387, serial no. CBPH20MGDTDW, IMEI no. 99000110136386, containing a Sprint mini SIM card, no. 8901010008831126638F;

15. 100 CDs and DVDs;

16. 13 CDs and DVDs;

17. Hitachi DVD Cam, serial no. 50320241;

18. Sony digital camera, model no. MVC-FD100, serial no. 500023, containing a 3.5
    inch floppy diskette with 128MB of memory;

19. Kodak digital camera, model no. Easyshare Z710, serial no. KCXGG64336528;

20. Kodak digital camera, model no. Z981, serial no. KVYMN02061276;

21. Black HP laptop, model no. G6-2237US, serial no. 5CD2490UMC;

22. Toshiba Satellite C655D-S5209 laptop, serial no. 7B231863Q;

23. Toshiba Satellite C55D-A5304 laptop, serial no. YD280824Q;

24. Black Seagate Expansion Desktop drive, P/N 1D7AP3-500, serial no.
    NA4K688Y;

25. Apple iPhone in black case, model no. A1332;

26. Apple iPhone without a case, model no. A1387;

27. Black Samsung cellular flip phone, model SPH-M270;

28. Black digital Canon EOS camera, model no. DS126201, serial no. 3211600699;

29. Canon Rebel XSi camera, model no. DS126181, serial no. 0670215963,
    containing 2GB SD card;

30. Nikon D700 digital camera, serial no. 3114091, containing an 8GB SD card and
    a 16GB SD card;

31. Apple iPhone 4, FCC ID BCG-E2422A;

32. Apple iPhone 4S, FCC ID BCG-E2430A;

33. Toshiba external drive, serial no. 23EAPV0ZTRE8;

34. HP Pavilion Computer, serial no. 5CD249WMC;

35. Kodak 2GB SD card;

36. PNY 16GB SD Card;

37. 2 SanDisk 8GB SD Compact Flash cards;

38. Sandisk 8GB SD card;

4

39. iPhone, FCC ID: BCG-E23808;

40. Light on a tripod, brand name: Pepper;

41. Light on a tripod, 420W Pepper;

42. Photography reflector, gray/silver in color;

43. Studio Flash System, brand name: Elinchrom;

44. Rental application for Nolan Harper;

45. Two (2) lights, 100W Pepper;

46. Black canvas bag containing miscellaneous tripods and umbrellas;

47. Two (2) black photo reflectors;

48. Black canvas bag containing a tripod;

49. Boxed roll of photo backdrop paper - white;

50. Boxed roll of photo backdrop paper - turquoise;

51. Boxed roll of photo backdrop paper - white;

52. Boxed roll of photo backdrop paper - gray;

53. Boxed roll of photo backdrop paper - gray;

54. Boxed roll of photo backdrop paper - gray;

55. Press Talent and Management Development forms;

56. Black tripod;

57. Black tripod;

58. Black tripod;

59. Black tripod;

60. Black tripod, brand name: Monfrotto;

61. Black canvas bag containing lighting equipment, brand name: Britek;

62. Circuit City receipts;

63. Bag with tripod, brand name: Vanguard;

64. Two (2) photography lights, silver in color;

65. Black tub containing photography equipment;

66. Mobil light 300 JTL;

67. Five (5) tripod poles;

68. JTL Battery Pack; and

69. JTL Battery Pack

(all of which constitutes property).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of William C. Thompson in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's

/ / /

right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED _Aug. 12,_ , 2019.

HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE