# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | ) |
| WILLIAM C. THOMPSON | ) Case Number: 2:13-cr-00368-JAD-VCF-1 |
|  | ) USM Number: 49718-048 |
| **Date of Original Judgment:** 5/20/2019 | ) Heidi Ojeda, AFPD |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1s-5s of the Superseding Indictment [ECF No. 14]

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(g) | Child Exploitation Enterprise | 1/28/2015 | 1s |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Sexual Exploitation of a Child | 11/20/2012 | 2s |
| 18 U.S.C. § 2251(e) | Conspiracy to Produce Child Pornography | 1/28/2015 | 3s |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/12/2019  
Date of Imposition of Judgment

*[Signature]*  
Signature of Judge  
JENNIFER A. DORSEY, U.S. DISTRICT JUDGE  
Name and Title of Judge

8/14/2019  
Date

DEFENDANT: WILLIAM C. THOMPSON
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(3) and (b)(1) | Distribution of Child Pornography | 11/20/2012 | 4s |
| 18 U.S.C. §§ 2252(a)(3) and (b)(1) | Conspiracy to Distribute Child Pornography | 1/28/2015 | 5s |

DEFENDANT: WILLIAM C. THOMPSON
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

354 months for counts 1s-3s, per count; 240 months for counts 4s-5s, per count; all to run concurrent. Sentence is to run concurrent to sentence in case no. 2:19-cr-00047-JAD-VCF for an aggregate total of 354 months.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to 1. Englewood, CO (due to proximity to family), 2. St. Petersberg, VA (due to specific programming offered), or 3. Marianna, FL (due to specific programming offered). The Court further recommends that the defendant be permitted to participate in the RDAP program and a sex offender management program.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 12 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

DEFENDANT: WILLIAM C. THOMPSON  
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

LIFE

and must comply with the following standard conditions, mandatory conditions, and special conditions:

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  
Sheet 3A — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: WILLIAM C. THOMPSON  
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

Judgment—Page 5 of 9

# MANDATORY CONDITIONS OF SUPERVISION

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. You must cooperate in the collection of DNA as directed by the probation officer.
5. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
6. You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
         Sheet 3C — Supervised Release                                                         (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 6 of 9

DEFENDANT: WILLIAM C. THOMPSON
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# SPECIAL CONDITIONS OF SUPERVISION

**1. Minor Prohibition** – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

**2. Place Restriction – Children Under 18** – You must not go to, or remain at, any place that primarily caters to children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

**3. Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**4. Sex Offender Treatment** – You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to contribute to the costs of the program based on your ability to pay.

**5. No Pornography** - You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children , or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults, that would compromise your sex offense-specific treatment. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex-offender treatment.

**6. Polygraph Testing** – You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

**7. Computer Search** – You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: WILLIAM C. THOMPSON
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# SPECIAL CONDITIONS OF SUPERVISION

**8. Computer Search – Monitoring Software** – To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030 (e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

**9. Employment Restriction** – You must not engage in an occupation, business, or profession, or volunteer activity that would require or enable you to work with or associate with minors under the age of 18, including photography, without the prior approval of the probation officer.

**10. No Contact** – You must not communicate, or otherwise interact, with any victims or their families, either directly or through someone else, without first obtaining the permission of the probation officer.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __9__

DEFENDANT: WILLIAM C. THOMPSON
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | JVTA Assessment* | Fine | Restitution |
|--------|------------|------------------|------|-------------|
| TOTALS | $ 500.00   | $                | $    | $ 53,749.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| RESTITUTION LIST SEALED | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

TOTALS        $ 0.00        $ 0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☑ the interest requirement is waived for   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 9 of 9

DEFENDANT: WILLIAM C. THOMPSON
CASE NUMBER: 2:13-cr-00368-JAD-VCF-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 54,249.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    AMENDED PRELIMINARY ORDER OF FORFEITURE ATTACHED

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM C. THOMPSON,<br><br>Defendant. | 2:13-CR-368-JAD-VCF<br>3:15-CR-8082-SMM/2:19-CR-047-JAD-VCF<br><br>**Amended Preliminary Order of Forfeiture** |

This Court finds William C. Thompson pled guilty to the following:

As to the Superseding Indictment filed in the United States District Court for the District of Nevada (Nevada), Counts 1 through 5 of a 5-Count Superseding Criminal Indictment charging him in Count 1 with child exploitation enterprise in violation of 18 U.S.C. § 2252A(g); in Count 2 with sexual exploitation of a child in violation of 18 U.S.C. § 2251(a); in Count 3 with conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(a) and 2251(e); in Count 4 with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(3); and in Count 5 with conspiracy to distribute child pornography in violation of 18 U.S.C. § 2252A(a)(3) and 2252A(b)(1). Superseding Criminal Indictment, ECF No. 14; Change of Plea (Nevada), ECF No. 140; Binding Plea Agreement (Nevada), ECF No. 141.

As to the Redacted Indictment filed in the United States District Court for the District of Arizona (Arizona), Counts 1 through 14 of a 14-Count Indictment charging him in Counts 1 through 9, 11, and 12 with production of child pornography in violation of 18 U.S.C. § 2251(a) and in Counts 10, 13, and 14 with possession of child pornography in

///

violation of 18 U.S.C. § 2252A(a)(5)(B). Redacted Indictment, ECF No. 1; Change of Plea, ECF No. 2; Binding Plea Agreement, ECF No. 3.

This Court finds William C. Thompson agreed to the forfeiture of the property set forth in the Binding Plea Agreement, the Bill of Particulars, the Forfeiture Allegations of the Superseding Criminal Indictment (Nevada), and the Forfeiture Allegation of the Redacted Indictment (Arizona). Superseding Criminal Indictment (Nevada), ECF No. 14; Bill of Particulars (Nevada), ECF No. 34; Change of Plea (Nevada), ECF No. 140; Binding Plea Agreement (Nevada), ECF No. 141; Redacted Indictment (Arizona), ECF No. 1; Change of Plea (Arizona), ECF No. 2; Binding Plea Agreement (Arizona), ECF No. 3.

This Court finds William C. Thompson agreed to the forfeiture of the property set forth in the Stipulation for Entry of Order of Forfeiture as to William C. Thompson and Order (ECF No. ___).

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Binding Plea Agreement, the Bill of Particulars, the Forfeiture Allegations of the Superseding Criminal Indictment (Nevada), and the Forfeiture Allegation of the Redacted Indictment (Arizona) and the offenses to which William C. Thompson pled guilty.

The following property is (1) any visual depiction described in 18 U.S.C. §§ 2251 and 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §§ 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g); (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from violations of 18 U.S.C. §§ 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g); and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §§ 2251(a) and 2251(e), 2252A(a)(3) and 2252A(b)(1), 2252A(a)(5)(B), and 2252A(g) or any property traceable to such property, and is subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1), 2253(a)(2), and 2253(a)(3):

1. Dell computer tower, model no. Vostro 400, serial no. D2CXRF1, containing a Seagate 1TB SATA hard drive, model no. ST1000DM003, serial no. S1D0MRJQ;
2. Hitachi 2TB external hard drive, model no. HT0LDNB20001BBB, serial no. F31G2NXD;
3. Western Digital 1TB hard drive, model no. WD10EADS, serial no. WCAV5M930266;
4. SanDisk card reader;
5. SanDisk 16GB compact flash card;
6. Panasonic video camera, model no. SDR-H85P, serial no. J01A18002;
7. Two micro video cassettes;
8. Proof of residence documents;
9. Compaq Presario laptop computer, model no. CQ57, serial no. 5CB2174R1P, containing a Seagate 320GB SATA hard drive, model no. ST9320325AS, serial no. 6VDFR10V;
10. Canon Mark II digital camera, serial no. 4252102526;
11. Emachines desktop computer, model no. EL1850, serial no. PTNBK02012040038589600, containing a 500GB SATA hard drive, model no. HDS721050CLA362, serial no. HE1BIMMT;
12. Gateway desktop computer, model no. DX4860-UB33P, serial no. PTGCPP200420400EF66300, containing a Western Digital 1TB SATA hard drive, model no. WD10EARX, serial no. WMC0T0032462;
13. Compaq Presario desktop computer, model no. SR5034X, serial no. MXX71406PP, containing a Samsung 160GB SATA hard drive, model no. HD160JJ/P, serial no. S0DFJ1GP107611;
14. Apple iPhone 4S, model no. A1387, serial no. CBPH20MGDTDW, IMEI no. 99000110136386, containing a Sprint mini SIM card, no. 8901010008831126638F;

15. 100 CDs and DVDs;

16. 13 CDs and DVDs;

17. Hitachi DVD Cam, serial no. 50320241;

18. Sony digital camera, model no. MVC-FD100, serial no. 500023, containing a 3.5 inch floppy diskette with 128MB of memory;

19. Kodak digital camera, model no. Easyshare Z710, serial no. KCXGG64336528;

20. Kodak digital camera, model no. Z981, serial no. KVYMN02061276;

21. Black HP laptop, model no. G6-2237US, serial no. 5CD2490UMC;

22. Toshiba Satellite C655D-S5209 laptop, serial no. 7B231863Q;

23. Toshiba Satellite C55D-A5304 laptop, serial no. YD280824Q;

24. Black Seagate Expansion Desktop drive, P/N 1D7AP3-500, serial no. NA4K688Y;

25. Apple iPhone in black case, model no. A1332;

26. Apple iPhone without a case, model no. A1387;

27. Black Samsung cellular flip phone, model SPH-M270;

28. Black digital Canon EOS camera, model no. DS126201, serial no. 3211600699;

29. Canon Rebel XSi camera, model no. DS126181, serial no. 0670215963, containing 2GB SD card;

30. Nikon D700 digital camera, serial no. 3114091, containing an 8GB SD card and a 16GB SD card;

31. Apple iPhone 4, FCC ID BCG-E2422A;

32. Apple iPhone 4S, FCC ID BCG-E2430A;

33. Toshiba external drive, serial no. 23EAPV0ZTRE8;

34. HP Pavilion Computer, serial no. 5CD249WMC;

35. Kodak 2GB SD card;

36. PNY 16GB SD Card;

37. 2 SanDisk 8GB SD Compact Flash cards;

38. Sandisk 8GB SD card;

4

39. iPhone, FCC ID: BCG-E23808;

40. Light on a tripod, brand name: Pepper;

41. Light on a tripod, 420W Pepper;

42. Photography reflector, gray/silver in color;

43. Studio Flash System, brand name: Elinchrom;

44. Rental application for Nolan Harper;

45. Two (2) lights, 100W Pepper;

46. Black canvas bag containing miscellaneous tripods and umbrellas;

47. Two (2) black photo reflectors;

48. Black canvas bag containing a tripod;

49. Boxed roll of photo backdrop paper - white;

50. Boxed roll of photo backdrop paper - turquoise;

51. Boxed roll of photo backdrop paper - white;

52. Boxed roll of photo backdrop paper - gray;

53. Boxed roll of photo backdrop paper - gray;

54. Boxed roll of photo backdrop paper - gray;

55. Press Talent and Management Development forms;

56. Black tripod;

57. Black tripod;

58. Black tripod;

59. Black tripod;

60. Black tripod, brand name: Monfrotto;

61. Black canvas bag containing lighting equipment, brand name: Britek;

62. Circuit City receipts;

63. Bag with tripod, brand name: Vanguard;

64. Two (2) photography lights, silver in color;

65. Black tub containing photography equipment;

66. Mobil light 300 JTL;

5

67. Five (5) tripod poles;

68. JTL Battery Pack; and

69. JTL Battery Pack

(all of which constitutes property).

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of William C. Thompson in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's

/ / /

right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED Aug. 12, 2019.

_____
HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

7